**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 10-4466**

—————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GUILLERMO ALFONSON SALAZAR,

        Defendant - Appellant.

—————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:09-cr-00727-PMD-1)

—————

Submitted:  September 30, 2010     Decided:  October 20, 2010

—————

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Ann Briks Walsh, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Alston Calhoun Badger, Jr., Assistant United States Attorney, Charleston, South Carolina, William Walter Wilkins, III, United States Attorney, Columbia, South Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Guillermo Alfonson Salazar appeals the district court's judgment revoking his supervised release and sentencing him to sixty months' imprisonment. Salazar's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising the issue of whether the district court's revocation sentence is plainly unreasonable. Salazar was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

While a district court must consider the Chapter Seven policy statements and the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006),

2

the court need not robotically tick through every subsection, and ultimately, the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 656-57. Moreover, while a district court must provide a statement of reasons for the sentence, the court need not be as detailed or specific when imposing a revocation sentence as when imposing a post-conviction sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

We have reviewed the record and conclude that Salazar's sentence is within the prescribed statutory range and not plainly unreasonable. At his revocation hearing, Salazar admitted the violation alleged by the probation officer, and the court properly considered the guidelines and applicable statutory factors in imposing its sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense

3

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED